# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RAYMOND PETER GODAIRE,

    *Plaintiff*,

v.

ROD J. ROSENSTEIN, Deputy Attorney General, *et al.*,

    *Defendants*.

Civil Action No. 18-2057 (RDM)

## MEMORANDUM OPINION

Plaintiff Raymond Godaire, proceeding *pro se* and *in forma pauperis*, brings suit against Deputy Attorney General Rod Rosenstein, in his personal and official capacity, and the Department of Justice, challenging the Department's response to his Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request. Dkt. 1 at 2 (Compl.). Because Godaire has failed to allege any basis to conclude that either the Deputy Attorney General or the Department acted unlawfully, the Court will dismiss his complaint *sua sponte* for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

On February 12, 2018, Godaire submitted a FOIA request to the Office of Information Policy ("OIP") of the Department of Justice. The request indicates that it was "directed to the Office of the Deputy Attorney General," and specifically sought "a copy of all warrant[s]" authorizing "the illegal warrantless entering of [his] apartment," "the illegal tap[s] on [his] phone," and other "unlawful surveillance . . . for over sixteen years." Dkt. 1 at 6 (Compl.). In the same request, Godaire also sought "all document[s] of the Department of Homeland Security,

Federal Bureau of Investigation and any other division of . . . the Department of Justice that may reasonably fit . . . the certified statement of compelling need." *Id.* (Compl.). His "statement of compelling need," in turn, alleged that, over the past four years, "Department of Justice employee[s] have taken over" his senior housing building and that its "agent[s]" have "search[ed] [his] apartment," "st[olen] some of [his] possessions," and "project[ed] different kind[s] of bugs on [his] walls." *Id.* at 8–9 (Compl.).

On March 14, 2018, OIP responded to Godaire's FOIA request. OIP advised Godaire that "neither this Office nor any of these senior leadership offices of the Department typically maintains records on individuals and, as such, would not maintain the type of records [he was] seeking." *Id.* at 13 (Compl.). OIP further advised that, "to the extent [Godaire was] seeking records of the Federal Bureau of Investigation (FBI) or of the Department of Homeland Security (DHS)," as stated in his request, he should separately "direct [his request] to those offices" because each "federal entity maintains and handles FOIA requests for its own records." *Id.* at 13–14 (Compl.). Finally, OIP noted that, "should [Godaire] wish to resubmit [his] request[,] . . . [he] will need to verify [his] identity as required by Department regulation" by filling out the "Certification of Identity" form. *Id.* at 13 (Compl.).

Godaire filled out the requisite form and filed an administrative appeal. *Id.* at 25, 33 (Compl.). On May 16, 2018, OIP affirmed the action of its "Initial Request [IR] Staff." Specifically, it concluded:

> The IR Staff informed you that it does not maintain records on individuals. I have determined that the IR Staff's response was correct. Based on the type of records that you appear to be seeking, you may wish to make a request to the Federal Bureau for Investigation or the Executive Office for United States Attorneys (EOUSA) for records regarding your investigation and prosecution.

*Id.* at 33 (Compl.). There is no indication that Godaire subsequently submitted a FOIA request to the FBI or to the EOUSA. Instead, he filed the present action on August 17, 2018. Dkt. 1 (Compl.).

## II. ANALYSIS

Although complaints by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). The Court may dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "prior to service and without providing the plaintiff with notice or an opportunity to respond, where it is 'patently obvious' that the plaintiff cannot prevail on the facts alleged in the complaint." *Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990)); *see also Tate v. Burke*, 131 F.R.D. 363, 365 (D.D.C. 1990) (courts may act *sua sponte* when the complaint "indisputedly" contains "no . . . legal basis for the asserted wrong").

Here, taking Godaire's allegations as true, there is no basis to conclude that the Deputy Attorney General or the Department of Justice violated FOIA. Indeed, the complaint itself states that "this appeal [is] basic[al]ly the original request for documents," Dkt. 1 at 2 (Compl.), and otherwise takes no issue with OIP's determination that (1) OIP and the Department's senior leadership "do[] not maintain records on individuals," like the ones Godaire is seeking, *id.* at 33 (Compl.), or that (2) to the extent Godaire is seeking FBI and DHS records, he must direct his request to those offices, not to OIP, *id.* at 13–14 (Compl.); *see also Ewell v. U.S. Dep't of Justice*, 153 F. Supp. 2d 294, 302 (D.D.C. 2016) ("[T]he Department's FOIA regulations specify that a requester 'should write directly to the FOIA office of the component that maintains the

3

records being sought.'" (quoting 28 C.F.R. § 16.3(a)(1))); 6 C.F.R. § 5.3 (DHS requirements stating the same). Although Godaire's thirty-six-page complaint avers that the Department of Justice committed numerous unlawful acts against him—ranging from surveilling him to planting "poisonous sp[i]ders" in his room, Dkt. 1 at 9 (Compl.)—none of Godaire's allegations raise any deficiencies as to the Department's handling of his FOIA request. As such, the Court concludes that "there is indisputably no factual or legal basis" for concluding that either OIP or the Deputy Attorney General unlawfully withheld documents under FOIA. *Tate*, 131 F.R.D. at 365.

The Court will, accordingly, dismiss Godaire's complaint *sua sponte* for failure to state a claim.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 24, 2018